Filed 6/18/25  County of Riverside Dept. of Child Support Services v. Gilbert CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| COUNTY OF RIVERSIDE DEPARTMENT OF CHILD SUPPORT SERVICES, | E083279 |
| Respondent, | (Super.Ct.No. CSHE2302184) |
| v. | OPINION |
| HENRY J. GILBERT, | |
| Appellant. | |

APPEAL from the Superior Court of Riverside County.  Kelly A. Moran, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Henry J. Gilbert, in pro. per., for Appellant.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Maureen C. Onyeagbako, Darin L. Wessel, and Nicolas P. Rossenblum, Deputy Attorneys General, for Respondent.

1

# I. INTRODUCTION

Appellant Henry Gilbert (Father) appeals from a judgment of child support entered on April 24, 2024.[1] The trial court established the amount of child support by applying the statutory formula set forth in Family Code[2] section 4055 ("guideline support") to the monthly taxable gross income reported by Father in his income and expense declaration. On appeal, Father argues that the judgment should be reversed because: (1) the trial court failed to consider whether financial hardship or income disparity justified deviation from the statutory guideline amount; and (2) the trial court failed to consider the best interests of his child in establishing the amount of support. For the first time in reply, Father also argues that his due process rights were violated because he was deprived of a fair hearing. We conclude that each of these arguments has been forfeited and further conclude that, even in the absence of forfeiture, the record on appeal is inadequate to show an abuse of discretion warranting reversal. Accordingly, we affirm the judgment.

---

[1] Father's notice of appeal did not actually identify any specific order or judgment. However, Father designated only the minute order from a February 6, 2024 hearing and the reporter's transcript of that proceeding as part of the record on appeal. Thus, it is reasonably clear that Father intended to appeal from the order or judgment issued as a result of the February 2024 hearing. As respondent acknowledges, this court has discretion to deem Father's appeal as being taken from the judgment issued as a result of this hearing. (*In re Joshua S.* (2007) 41 Cal.4th 261, 272 ["'notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced'"].) And we exercise our discretion to do so.

[2] Undesignated statutory references are to the Family Code.

## II. BACKGROUND

On November 27, 2023, respondent County of Riverside Department of Child Support Services (the Department) filed a motion requesting entry of a judgment for child support against Father. The motion requested an award of monthly child support based upon the state guidelines.

On February 5, 2024, Father filed a declaration in opposition to the motion. The declaration made various assertions regarding the trial court's lack of personal jurisdiction over Father, but did not include any facts pertaining to his income, expenses, or the best interests of Father's child.

On February 6, 2024, the trial court held a hearing on the motion. Father personally appeared at the hearing and again asserted that the trial court lacked personal jurisdiction because he had not been properly served. The Department proceeded to present the trial court with an executed proof of service in response to Father's assertion.[3] Based upon this showing, the trial court found that Father had been properly served and proceeded to consider the request for judgment. The following colloquy ensued:

The Court: "As to the amount of child support that is being—that the guideline has indicated that you should be paying, $879 per month, would you like to be heard?"

Father: "Objection."

The Court: "All right. What is your objection?"

Father: "I cannot afford that much, for one. And I was not properly served."

---

[3] The executed proof of service was not made part of the record on appeal.

3

The Court: "All right. Sir, so based upon the guideline information, you have a monthly taxable gross income of $5,860 . . . . And after support, you would still be left with over $2,600 a month. Would you like to explain to the Court why you can't afford that[?]"

Father: "I just told you, your Honor. I was not served properly."

The Court: "Okay, sir."

Father: "Nobody served me."

The Court: "We have moved past that. Sir, I understand and noted your objection for the record. But this Court does find that you were properly served. So given that, I am reviewing your income and expense declaration, and I have questions about why you believe you cannot afford the . . . $879 a month payment."

Father: "I object to my child being in the program."

The Court: "All right. Sir, your objection is noted for the record. Absent any indication that you are unable to pay that amount, this Court will order that [Father] pay . . . [¶] . . . [¶] . . . child support for the minor child . . . in the amount of $879 per month . . . ."

Father did not assert any other objections or present additional argument or evidence for the trial court's consideration at the hearing. The trial court entered a minute order reflecting its oral pronouncement at the time of hearing. And a formal judgment reflects the same award of child support was entered on April 24, 2024.

4

## III. DISCUSSION

*A. General Legal Principles and Standard of Review*

"Child support awards in California are governed by the legislation that established a statewide uniform child support guideline. [Citations.] 'The court shall adhere to the statewide uniform guideline and may depart from the guideline only in the special circumstances' identified in the statute. [Citation.] The child support guideline is an algebraic formula set forth in section 4055. The amount generated by the formula 'is intended to be presumptively correct in all cases . . . .'" (*In re Marriage of Hein* (2020) 52 Cal.App.5th 519, 527 (*Hein*); §§ 4053, subd. (k) & 4057, subd. (a).) The "guideline figure 'is a rebuttable presumption affecting the burden of proof and may be rebutted by admissible evidence showing that application of the formula would be unjust or inappropriate in the particular case . . . .'" (*S.P. v. F.G.* (2016) 4 Cal.App.5th 921, 930; *Hein*, at p. 527.)

"Appellate courts review child support awards for an abuse of discretion . . . . When conducting an abuse of discretion review, appellate courts consider (1) whether the trial court's factual findings are supported by substantial evidence, (2) whether the trial court followed applicable legal principles, and (3) whether the trial court reasonably exercised its discretionary authority—that is, whether any judge reasonably could have made such an order. [Citations.]" (*Hein*, *supra*, 52 Cal.App.5th at p. 529.)

5

B. *Father Has Forfeited the Specific Arguments He Now Raises on Appeal*

It is a general rule of appellate procedure that "a reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) This rule of forfeiture applies to appeals from child support orders and judgments. (*In re Marriage of Crosby & Grooms* (2004) 116 Cal.App.4th 201, 212 [failure to explicitly request deviation from statutory guideline in calculating child support award forfeits the issue on appeal]; *In re Marriage of Alter* (2009) 171 Cal.App.4th 718, 738 [argument that child support award was not properly calculated forfeited for failure to raise issue in trial court proceedings]; *In re Marriage of Whealon* (1997) 53 Cal.App.4th 132, 143-144 [argument that gross income was incorrectly calculated when establishing child support forfeited for failure to raise it in trial court proceedings].)

Here, the record shows that at the time of the hearing, Father's written submissions and oral argument focused solely on the issue of jurisdiction. Father never argued that financial hardship,[4] income disparity, or the best interests of his child warranted deviation from the guideline support specified by statute. Nor did Father argue that he was deprived of a fair opportunity to properly direct the trial court's attention to factors that

---

[4] At one point, Father did make a conclusory assertion that he could not afford child support. However, when asked to explain the basis of this assertion, Father clarified that his objection was actually based upon lack of jurisdiction.

might justify deviation from guideline support.[5]  Thus, we conclude that each of the contentions Father now raises on appeal have been forfeited and affirm the judgment on this basis alone.

C. *Even Absent Forfeiture, the Record Is Inadequate to Show Error*

We also conclude that, even in the absence of forfeiture, the record on appeal is inadequate to show error warranting reversal.  "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)  """"A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."""  (*Id.* at p. 609.)  This rule applies in appeals from family law orders (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435) and in cases in which an appellant is self-represented.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [a self-represented party "'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys'"].)

---

[5]  We also observe that Father's due process argument was raised only in his reply brief on appeal.  """"[P]oints raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before""" (*People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1059-1060), and is an independent ground for concluding this argument has been forfeited.  In this case, Father provided no good reason for his failure to comply with this requirement.

Here, the record that has been provided on appeal discloses that the trial court had before it multiple documents that directly informed its determination of the amount of child support to award. Specifically, the trial court stated it had reviewed a declaration submitted by the Department in advance of the hearing, an answer filed by Father in the family court proceedings, a precourt interview, and an income and expense declaration by Father. None of these documents were included as part of the record on appeal. Without a complete record of the materials explicitly before the trial court at the time it made its child support award, this court cannot determine whether any findings are adequately supported by substantial evidence or whether the trial court's failure to deviate from the statutory guidelines constituted an abuse of discretion. Thus, even in the absence of forfeiture, the record is inadequate to show error warranting reversal and we would affirm the judgment.

## IV. DISPOSITION

The judgment is affirmed. Respondent to recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
Acting P. J.

We concur:

RAPHAEL
J.

MENETREZ
J.

8